**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000546
28-MAR-2014
08:12 AM**

NO. CAAP-11-0000546

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
MICHAEL ROBERT ROSS, Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-10-00363)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals
from a "Notice of Entry of Judgment and/or Order and
Plea/Judgment" (Order of Dismissal) entered by the District Court
of the Second Circuit (district court)[1] on June 29, 2011, that
granted Defendant-Appellee Michael Robert Ross's (Ross) motion to
dismiss the case with prejudice. During proceedings on June 29,
2011, the district court granted Ross's oral request to dismiss
with prejudice because the State was unprepared for trial.

The State contends on appeal that the district court
committed plain error when it dismissed the case with prejudice.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised by the parties, as
well as the relevant legal authorities, we resolve the State's
point of error as set forth below and affirm.

---

[1] The Honorable Blaine J. Kobayashi presided.

Ross was charged on April 7, 2010 with Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)&(b) (count 1) and Reckless Driving of a Vehicle in violation of HRS § 291-2 (count 2). His arraignment was held on April 22, 2010.

Subsequently, there were three pretrial conferences -- on May, 20, 2010, June 17, 2010, and July 15, 2010 -- during which Ross requested and was granted a continuance. Ross's pending discovery requests were discussed at an August 12, 2010 hearing, during which a pretrial conference and further hearing was set for September 9, 2010. Subsequently, hearings were held on September 9, 2010 and September 23, 2010 to address a motion to compel discovery filed by Ross. Then, on October 21, 2010, Ross requested and was granted a continuance in order to issue further subpoenas. On December 2, 2010, December 16, 2010 and February 17, 2011, hearings were held to address subpoenas duces tecum issued by Ross to the Department of the Corporation Counsel and two police officers, and the Corporation Counsel's objections and/or motion to quash said subpoenas.

At the February 17, 2011 hearing, the parties and the district court also discussed scheduling for an anticipated motion to suppress to be filed by Ross. The State urged that the hearing on the motion and trial should be scheduled for the same date, arguing that "[t]his case has languished in the court system for almost a year. It's a simple facts based OUI. The State has evidence beyond a reasonable doubt and would like to go to trial as soon as possible." The defense objected to scheduling the suppression motion and trial on the same date. Over the defense objection, hearing on the motion and trial were scheduled for May 4, 2011.

On May 4, 2011, the parties stipulated to a continuance, with the State making statements on the record to ensure that both the motion and trial would again be scheduled for the same day. Further proceedings were then set for June 29, 2011, to address Ross's motion to suppress and to conduct the trial.

2

On June 29, 2011, the deputy prosecuting attorney (DPA) advised the district court that she was prepared to address the motion to suppress, but mistakenly did not realize the case was also set for trial, and therefore she was not prepared to proceed with trial. The relevant part of the proceedings were as follows:

> [DEFENSE COUNSEL]: Good morning, your Honor. . . . Your Honor, this matter is set for motion to suppress as well as for trial. The Defense is ready to proceed.
>
> [DPA]: Yes, your Honor. And I was just discussing that with [defense counsel]. I was under the impression that this was set just for a motion. I just got this file yesterday afternoon. It has had numerous motions dating back to 2010, motions to quash. I looked at the minutes and I thought it was just set for a motion. So I am ready to proceed on the motion, but I am not ready to proceed on the trial.
>
> [DEFENSE COUNSEL]: Your Honor, I am looking at the dispo. slip from the last court hearing which says hearing on motion to suppress and trial, and then stipulation forthcoming. And --
>
> [DPA]: Well, your Honor, I understand that's [sic] it's my error, so...
>
> THE COURT: Was the stip ever submitted?
>
> [DEFENSE COUNSEL]: I don't -- your Honor, I don't have a copy of it. That's -- I just brought the -- I didn't bring that part of the file.
>
> THE COURT: Okay. Well, the Court is looking at the Court's minutes for May 4th, 2011, and it does indicate, as [defense counsel] stated, that the matter was continued to today for hearing on the defense's motion to suppress and trial.
>
> [DPA]: Right. As I said, your Honor, I realize it is my error.
>
> THE COURT: Okay. So are we ready to proceed with the motion though, at least, I mean?
>
> [DEFENSE COUNSEL]: Well, I understand, your Honor, if she's not ready to go to trial and today is set for trial, then there's no point in going through the motion if I'm -- because I am going to move to dismiss.
>
> [DPA]: Right. [Defense counsel] is correct, your Honor, I believe.
>
> THE COURT: So the State isn't ready to proceed to trial?
>
> [DPA]: No, your Honor.

> [DEFENSE COUNSEL]: Your Honor, I am going to move to dismiss with prejudice, your Honor. My client is present. He has taken off of work. He's ready to proceed.
>
> THE COURT: Okay.
>
> The Court is -- has considered the defense's request to dismiss the matter with prejudice, and <u>in light of the fact that the State has admitted that it is not ready for trial, today is the date set for trial, so the Court is going to grant the defense's request to dismiss this matter with prejudice</u>.

(Emphasis added).

Based on the June 29, 2011 proceedings, the case was dismissed with prejudice. The State contends that it was plain error for the district court to dismiss the charges with prejudice prior to any trial in this case. Ross counters that the State has not preserved an appealable issue because it failed to object during the June 29, 2011 proceedings, and that the State fails to provide any basis to vacate based on plain error review.

Rule 28(b)(4) of the Hawai'i Rules of Appellate Procedure (HRAP) provides that an appellant's point(s) of error should state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." The rule further states that "[p]oints not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented." <u>Id.</u> We have discretion whether to recognize plain error. <u>See also</u> <u>State v. Nichols</u>, 111 Hawai'i 327, 335, 141 P.3d 974, 982 (2006); <u>State v. Aplaca</u>, 96 Hawai'i 17, 22, 25 P.3d 792, 797 (2001); Hawai'i Rules of Penal Procedure, Rule 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.")

A trial court has inherent power to dismiss a criminal case with prejudice for failure to prosecute with due diligence. <u>See</u> <u>State v. Moriwake</u>, 65 Haw. 47, 55-56, 647 P.2d 705, 711-12 (1982); <u>State v. Estencion</u>, 63 Haw. 264, 268, 625 P.2d 1040, 1043 (1981); <u>State v. Mageo</u>, 78 Hawai'i 33, 37, 889 P.2d 1092, 1096

(App. 1995). Typically, we would review a dismissal with prejudice for abuse of discretion. Moriwake, 65 Haw. at 57, 647 P.2d at 713; State v. Correa, 124 Hawai'i 179, 181, 184, 238 P.3d 706, 708, 711 (App. 2010). However, in this case, the State did not object during the June 29, 2011 proceedings to the dismissal with prejudice, and it appears that it had the opportunity to do so while before the district court. The State's point of error, seeking plain error review, thus appears to set forth the appropriate standard of review. Cf. State v. Dela Cruz, SCWC-11-0000367, 2014 WL 783148 (Haw. Feb. 27, 2014) (mem) (holding that, where State had *no opportunity* to object to district court's order dismissing case with prejudice, State's appeal preserved the issue and plain error review did not apply).

An appellate court "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Miller, 122 Hawai'i 92, 100, 223 P.3d 157, 165 (2010) (italics and citations omitted). The "power to deal with plain error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system--that a party must look to his or her counsel for protection and bear the cost of counsel's mistakes." State v. Fields, 115 Hawai'i 503, 529, 168 P.3d 955, 981 (2007) (citations omitted).

The State argues that it has a strong interest in highway safety and that it was entitled to a trial in this case. It contends that a trial court's inherent powers is not so broad as to allow it to dismiss an otherwise valid indictment prior to a defendant's first trial, citing to State v. Alvey, 67 Haw. 49, 678 P.2d 5 (1984) and Correa, 124 Hawai'i 179, 238 P.3d 706.

We agree that the State has a strong interest in highway safety and prosecuting those who violate laws regulating the operation of motor vehicles on roadways. In this case, however, the State admitted on the day trial was scheduled that it was unprepared to proceed with trial, even though it had

previously insisted that the trial be scheduled on the same day as the motion to suppress. Alvey and Correa are inapposite because, in those cases, the prosecution did not concede that they were unprepared to go forward on the day of trial.

In Alvey, the defendant was alleged to have possessed drugs while incarcerated. The trial court dismissed the criminal charge based on its belief that collateral estoppel applied (because prison misconduct charges arising from the same incident were dismissed against the defendant), that the court should not meddle in prison affairs where the inmate had already been absolved by prison officials, and judicial economy supported giving the prison hearing res judicata effect. 67 Haw. at 53, 678 P.2d at 8. The Hawai'i Supreme Court first held that collateral estoppel and res judicata did not preclude the criminal charge. As to the trial court's inherent powers, the supreme court held that it was an abuse of discretion to dismiss the charge for reasons of comity and judicial economy, and therefore the indictment was reinstated. Id. at 57, 678 P.2d at 10-11.

In Correa, the trial court dismissed an abuse charge with prejudice after learning on the day of trial that the deputy prosecutor had not spoken in detail with the complainant. Although the deputy prosecutor represented that the State was ready to proceed with trial, the trial court ruled that, given the lack of discussion between the prosecutor and the complainant, the State could not say that it was ready for trial. 124 Hawai'i at 182-83, 238 P.3d at 709-10. On appeal, this court ruled that the trial court had abused its discretion in dismissing the charge with prejudice, stating in relevant part:

> In this case, the family court imposed a blanket requirement that the only way the State could be ready for trial and avoid a dismissal with prejudice in a domestic abuse case is for the DPA to personally speak in detail with the Complainant before the calendar call. We conclude that in imposing and applying this inflexible rule in this case, the family court, without sufficient justification, encroached upon the prosecuting attorney's prerogative to decide how to prepare his or her case for trial.

Id. at 186, 238 P.3d at 713. We further noted in Correa that the trial court's dismissal of the charge was motivated in part by its concerns of judicial economy, but that as held in Alvey, judicial economy is not a legitimate reason to dismiss an indictment prior to a defendant's first trial. Id.

Here, the district court expressly noted that it was dismissing the case with prejudice because "the State has admitted that it is not ready for trial, today is the date set for trial, so the Court is going to grant the defense's request to dismiss this matter with prejudice." This case presents a situation different than both Alvey and Correa. Although Ross was granted a variety of continuances throughout the proceedings in this case, the State was insistent on having the suppression motion and trial scheduled on the same date. When that date arrived, the State admitted that it was not prepared to proceed with trial and there was no effort to seek a continuance. Ross was present for the proceedings and prepared to proceed. Under the circumstances of this case, we cannot conclude that it was plain error for the district court to dismiss the case with prejudice.

Therefore,

IT IS HEREBY ORDERED that the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered by the District Court of the Second Circuit on June 29, 2011 is affirmed.

DATED: Honolulu, Hawai'i, March 28, 2014.

On the briefs:

Renee Ishikawa Delizo
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellant

David A. Sereno
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge